# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CAROLYN GREENE, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  1:03-CV-12628 (NG) |
| BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH, and RONALD F. RICHARDS, | ) ) ) ) | |
| Defendants. | ) ) | |
| JOHN G. ESPOSITO, JR., on behalf of himself and all others similarly situated, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  1:04-CV-10013 (NG) |
| BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH, and RONALD F. RICHARDS, | ) ) ) ) | |
| Defendants. | ) ) | |

[Captions continued on next page]

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE BIOPURE LEAD PLAINTIFF GROUP TO CONSOLIDATE ACTIONS, TO BE APPOINTED LEAD PLAINTIFFS AND FOR APPROVAL OF LEAD PLAINTIFFS' SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL

| | |
|---|---|
| JOSEPH L. KING, on behalf of himself and all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH, and RONALD F. RICHARDS, )<br><br>Defendants. ) | Civil Action No.  1:04-CV-10038 (NG) |

| | |
|---|---|
| MICHAEL E. CRIDEN, individually and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>BIOPURE CORPORATION, THOMAS A. MOORE, and CARL W. RAUSCH, )<br><br>Defendants. ) | Civil Action No.  1:04-CV-10046 (NG) |

| | |
|---|---|
| ISRAEL SHURKIN and SHARON SHURKIN, individually and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>BIOPURE CORPORATION, THOMAS A. MOORE, and CARL W. RAUSCH, )<br><br>Defendants. ) | Civil Action No.  1:04-CV-10055 (NG) |

[Captions continued on next page]

JAMES J. NIZZO, VIRGINIA C. NIZZO, )
and CARLO CILIBERTI, on behalf of )
themselves and all others similarly situated, )
)
              Plaintiff, )
)
           v. )          Civil Action No.  1:04-CV-10065 (NG)
)
BIOPURE CORPORATION, THOMAS )
A. MOORE, CARL W. RAUSCH, and )
RONALD F. RICHARDS, )
)
              Defendants. )

BARRY BROOKS, on behalf of himself )
and all others similarly situated, )
)
              Plaintiff, )
)
           v. )          Civil Action No.  1:04-CV-10077 (NG)
)
BIOPURE CORPORATION, THOMAS )
A. MOORE, CARL W. RAUSCH, and )
RONALD F. RICHARDS, )
)
              Defendants. )

ANASTASIOS PERLEGIS, individually )
and on behalf of all others similarly )
situated, )
)
              Plaintiff, )
)          Civil Action No.  1:04-CV-10078 (NG)
           v. )
)
BIOPURE CORPORATION, THOMAS )
A. MOORE, CARL W. RAUSCH, and )
RONALD F. RICHARDS, )
)
              Defendants. )

[Captions continued on next page]

MARTIN WEBER, on behalf of himself )
and all others similarly situated, )
)
               Plaintiff, )
)
           v. )      Civil Action No.  1:04-CV-10090 (NG)
)
BIOPURE CORPORATION, THOMAS )
A. MOORE, CARL W. RAUSCH, and )
RONALD F. RICHARDS, )
)
              Defendants. )

BRUCE HAIMS, individually and on )
behalf of all others similarly situated, )
)
               Plaintiff, )
)
           v. )      Civil Action No.  1:04-CV-10144 (NG)
)
BIOPURE CORPORATION, THOMAS )
A. MOORE, CARL W. RAUSCH, and )
RONALD F. RICHARDS, )
)
              Defendants. )

MODEL PARTNERS LIMITED, )
individually and on behalf of all others )
similarly situated, )
)
               Plaintiff, )
)      Civil Action No.  1:04-CV-10155 (NG)
           v. )
)
BIOPURE CORPORATION, THOMAS )
A. MOORE, CARL W. RAUSCH, and )
RONALD F. RICHARDS, )
)
              Defendants. )

[Captions continued on next page]

JUNE E. PATENAUDE, individually and )
on behalf of all others similarly situated, )
                                          )
                                          )
                    Plaintiff,            )
                                          )
            v.                            )   Civil Action No.  1:04-CV-10179 (NG)
                                          )
BIOPURE CORPORATION, THOMAS               )
A. MOORE, CARL W. RAUSCH, and             )
RONALD F. RICHARDS,                       )
                                          )
                    Defendants.           )
_____

NANCY L. PINKNEY and GERTRUDE             )
PINCKNEY, individually and on behalf of   )
all others similarly situated,            )
                                          )
                    Plaintiff,            )
                                          )
                                          )   Civil Action No.  1:04-CV-10189 (NG)
            v.                            )
                                          )
BIOPURE CORPORATION, THOMAS               )
A. MOORE, and CARL W. RAUSCH,             )
                                          )
                    Defendants.           )
_____

W. KENNETH JOHNSON, on behalf of          )
himself and all others similarly situated, )
                                          )
                    Plaintiff,            )
                                          )
                                          )
            v.                            )   Civil Action No.  1:04-CV-10190 (NG)
                                          )
BIOPURE CORPORATION, THOMAS               )
A. MOORE, CARL W. RAUSCH, and             )
RONALD F. RICHARDS,                       )
                                          )
                    Defendants.           )
_____

[Captions continued on next page]

GREGORY KRUSZKA, on behalf of        )
himself and all others similarly situated,    )
                                     )
                Plaintiff,           )
                                     )
        v.                           )    Civil Action No.  1:04-CV-10202 (NG)
                                     )
BIOPURE CORPORATION, THOMAS          )
A. MOORE, CARL W. RAUSCH, and        )
RONALD F. RICHARDS,                  )
                                     )
                Defendants.          )

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED . . . . . . . . . . . . . . . . . . . . 4

II.   THE BIOPURE LEAD PLAINTIFF GROUP
      SHOULD BE APPOINTED LEAD PLAINTIFFS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      A.   The Biopure Lead Plaintiff Group Has Satisfied
           The Procedural Requirements Pursuant To The PSLRA . . . . . . . . . . . . . . . . . . . . . 5

      B.   The Biopure Lead Plaintiff Group Constitutes The "Most Adequate Plaintiff" . . . . . 6

           1.    The Biopure Lead Plaintiff Group Has Made A Motion For
                 Their Appointment As Lead Plaintiffs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

           2.    The Biopure Lead Plaintiff Group Has The Largest Financial Interest . . . . . . . . 7

           3.    The Biopure Lead Plaintiff Group Otherwise Satisfies Rule 23 . . . . . . . . . . . . . 7

                 a.  The Biopure Lead Plaintiff Group
                     Fulfills The Typicality Requirement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

                 b.  The Biopure Lead Plaintiff Group
                     Fulfills The Adequacy Requirement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

III.  THE COURT SHOULD APPROVE
      THE BIOPURE LEAD PLAINTIFF GROUP'S CHOICE OF COUNSEL . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## TABLE OF AUTHORITIES

**Cases**                                                                                   **Page(s)**

De La Fuente v. Stokley-Van Camp, Inc.,
   713 F.2d 225 (7th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Eisenberg v. Gagnon,
   766 F.2d 770 (3d Cir. 1985), cert denied, 474 U.S. 946
   (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Fischler v. Amsouth Bancorporation,
   1997 U.S. Dist. LEXIS 2875 (M.D. Fla. Feb. 6, 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Greebel v. FTP Software, Inc.,
   939 F. Supp. 57 (D. Mass. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Halperin v. Nichols, Safina, Lerner & Co.,
   No. 94 C 6960, 1996 U.S. Dist. LEXIS 16111 (N.D. Ill. October 28, 1996) . . . . . . . . . . . . 9

In re Drexel Burnham Lambert Group, Inc.,
   960 F.2d 285 (2d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

In re Milestone Scientific Securities Litig.,
   183 F.R.D. 404 (D.N.J 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

In re Nice Systems Securities Litig.,
   188 F.R.D. 206 (D.N.J 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Johnson v. Celotex Corp.,
   899 F.2d 1281 (2d Cir.), cert. denied, 498 U.S. 920 (1990) . . . . . . . . . . . . . . . . . . . . . . . . 5

Lax v. First Merchants Acceptance Corp.,
   1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) . . . . . . . . . . . . . . . . . . . . . . . . passim


## Statutes, Rules & Regulations

Fed. R. Civ. P. 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Fed. R. Civ. P. 42 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

15 U.S.C. § 78u-4, et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

## PRELIMINARY STATEMENT

Biopure Corporation investors Neil & Susan Fineman, Michael Navilio, Robert Powell and Edward P. Collins (collectively, the "Biopure Lead Plaintiff Group" or "Movants") have losses totaling approximately $545,780 as a result of their investments in Biopure Corporation ("Biopure" or the "Company"). Accordingly, Movants are believed to have suffered the largest financial loss of any other movant and, as such, have the largest financial interest in the outcome of this litigation. As the most adequate plaintiffs, as defined by Private Securities Litigation Reform Act of 1995 ("PSLRA"), Movants hereby move for their appointment as lead plaintiffs of a proposed class of persons or entities who purchased or acquired the securities of Biopure between March 17, 2003 and December 24, 2003, inclusive (the "Class Period").

## INTRODUCTION

The above-captioned actions (collectively, the "Related Actions") are securities purchaser class action lawsuits that have been brought against certain officers and/or directors of the Company alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder.

Movants, with losses of approximately $545,780, in connection with their purchases of Biopure securities during the Class Period, are suitable and adequate to serve as lead plaintiffs.[1] Furthermore, Movants have submitted their certifications demonstrating their desire to serve as lead plaintiffs in this action and their understanding of the attendant duties and obligations of

---

[1]     The losses suffered by Movants are not the same as their legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the certification required under Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(2)(A) and based upon reference to information concerning the current market for the Company's securities.

serving as such. See Pastor Decl. at Exhibit A. Additionally, Movants have submitted a joint declaration stating that as a group Movants have implemented procedures to provide for the efficient prosecution of this action. See Pastor Decl. at Exhibit D. Movants' losses represent the largest known financial losses of any Class member(s) seeking to be appointed as lead plaintiff. See Pastor Decl. at Exhibit C.[2] Movants are not aware of any other class member that has filed an action or filed an application for appointment as lead plaintiff that sustained greater financial losses. In addition, Movants satisfy each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and therefore, are qualified for appointment as lead plaintiffs in these actions. Thus, as demonstrated herein, Movants are presumptively the most adequate plaintiffs and should be appointed lead plaintiffs.

Movants respectfully submit this memorandum of law in support of their motion, pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4 (a)(3)(B), as amended by the PSLRA, for an order: (1) consolidating all class actions concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Biopure Lead Plaintiff Group to serve as lead plaintiffs pursuant to the Exchange Act; (3) approving The Biopure Lead Plaintiff Group's selection of Schiffrin & Barroway, LLP and Cauley Geller Bowman & Rudman, LLP to serve as lead counsel for the Class; and (4) approving the Biopure Lead Plaintiff Group's selection of Gilman and Pastor, LLP to serve as liaison counsel for the Class.

---

[2]     The Biopure Lead Plaintiff Group's sworn certifications documenting their transactions pursuant to the federal securities laws are attached as Exhibit A to the Declaration of David Pastor In Support Of Motion Of The Biopure Lead Plaintiff Group To Consolidate Actions, To Be Appointed Lead Plaintiffs And For Approval Of Lead Plaintiffs' Selection Of Lead Counsel and Liaison Counsel (the "Pastor Decl.").

-2-

## **PROCEDURAL BACKGROUND**

The first of the Related Actions was commenced in this jurisdiction on or about December 30, 2003. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on December 30, 2003, the first notice that a class action had been initiated against defendants was published on a widely circulated national business-oriented wire service advising members of the proposed class of their right to move the Court to serve as lead plaintiff no later than March 1, 2004. See Pastor Decl. at Exhibit B.

Movants are class members (see Pastor Decl. at Exhibit A) and are filing this motion within the 60 day period following publication of the December 30, 2003 notice pursuant to Section 21D of the PSLRA.

## **STATEMENT OF FACTS[3]**

Biopure Corporation is a Delaware corporation with its principal executive offices located in Cambridge, Massachusetts. Biopure develops, manufactures and markets oxygen therapeutics, for both human and veterinary use, designed to serve as an alternative to red blood cell transfusions and for in use in the treatment of other critical care conditions.

Throughout the Class Period, defendants failed to disclose that Biopure had been notified by the U.S. Food and Drug Administration ("FDA"), as early as March or April 2003 that the Company's clinical trials of Hemopure for trauma applications had been put on hold due to "safety concerns" arising from adverse clinical data reviewed by the FDA in connection to the Company's biologic license applications ("BLA") for Hemopure orthopedic applications.

---

[3] These facts were derived from the allegations contained in the class action styled as *Greene v. Biopure Corporation, et al.,* Civil Action No. 1:03-CV-12628 (NG).

-3-

Furthermore, defendants knew that the FDA's approval of Biopure's BLA for commercial marketing of Hemopure in the United States was in serious doubt, and in any event could not have occurred sooner than late 2004. Therefore, Biopure's opinions, projections and forecasts concerning the Company and its operations were lacking in a reasonable basis at all times.

On December 24, 2003, after the close of market, Biopure issued a press release that announced that on December 22, 2003, it received a "Wells Notice" from the staff at the United States Securities and Exchange Commission ("SEC") which indicated the staff's preliminary decision to recommend that the SEC bring a civil injunctive proceeding against the Company relating to the disclosures concerning its communications with the FDA about trauma study protocol the Company submitted to the FDA in March 2003 and about Biopure's BLA for Hemopure. The press release also indicated that regulatory approval of the Hemopure BLA would be postponed until at least the second-half of 2004.

In reaction to the aforementioned news, Biopure's stock fell over 16% on December 26, 2003, the first day of trading following the Company's announcements, to close at $2.43 per share from a close of $2.82 per share on December 24, 2003.

## ARGUMENT

## I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Each of the Related Actions involves class action claims on behalf of class members who purchased or otherwise acquired Biopure securities during the Class Period. Each of the Related Actions asserts essentially similar and overlapping class claims brought on behalf of purchasers of Biopure securities who purchased in reliance on the materially false and misleading statements and omissions at all relevant times. Consolidation is appropriate when, as here, there are actions

-4-

involving common questions of law or fact. See Fed. R. Civ. P. 42(a); Johnson v. Celotex

Corp., 899 F.2d 1281, 1284 (2d Cir.), cert. denied, 498 U.S. 920 (1990). That test is met here.

Therefore, these Related Actions should be consolidated.

## II.    THE BIOPURE LEAD PLAINTIFF GROUP SHOULD
## BE APPOINTED LEAD PLAINTIFFS

### A.    The Biopure Lead Plaintiff Group Has Satisfied
### The Procedural Requirements Pursuant To The PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee

securities class actions brought pursuant to the Federal Rules of Civil Procedure. See 15 U.S.C.

§ 78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action,

publish a notice to the class informing class members of their right to file a motion for

appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed action

published a notice, on *PR Newswire,* on December 30, 2003. See Pastor Decl. at Exhibit B.[4]

This notice indicated that applications for appointment as lead plaintiff were to be made no later

than March 1, 2004.

Within 60 days after publication of the required notice, any member or members of the

proposed class may apply to the Court to be appointed as lead plaintiff(s), whether or not they

have previously filed a complaint in this action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

---

[4]    *PR Newswire* is a suitable vehicle for meeting the statutory requirement that notice be
published "in a widely circulated national business-oriented publication or wire service." See
generally In re Nice Systems Sec. Litig., 188 F.R.D. 206, 215 (D.N.J. 1999); Greebel v. FTP
Software, Inc., 939 F. Supp. 57, 62-64 (D. Mass. 1996); Lax v. First Merchants Acceptance
Corp., 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6,1997).

**B.    The Biopure Lead Plaintiff Group**
**Constitutes The "Most Adequate Plaintiff"**

According to the PSLRA, the Court shall consider any motion made by a class member

and shall appoint as lead plaintiff the member of the class that the Court determines to be most

capable of adequately representing the interests of class members within 90 days after publication

of the initial notice of pendency. 15 U.S.C. §78u-4(a)(3)(B)(i). In determining who is the "most

adequate plaintiff," the Exchange Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any
> private action arising under this title is the person or group of persons that-
>
> > (aa) has either filed the complaint or made a motion in response to
> > a notice . . .
> >
> > (bb) in the determination of the court, has the largest financial
> > interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal
> > Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. §78u-4(a)(3)(B)(iii). See generally Greebel, 939 F. Supp. at 64; Lax, 1997 U.S. Dist.

LEXIS 11866, at *7.

In applying this presumption, Movants are demonstrably the most adequate plaintiffs.

They have timely filed their motion to be appointed lead plaintiff along with their certifications

attesting to their transactions in Biopure securities during the Class Period. See Pastor Decl. at

Exhibit A. In addition, the Movants, with losses totaling approximately $545,780 as a result of

their Class Period purchases of Biopure securities, have the largest known financial interest in the

relief sought by this action among class members filing motions for appointment as lead plaintiff.

See Pastor Decl. at Exhibit C. Indeed, the losses sustained by Movants are believed to be

representative of the largest financial interest in this action.  Moreover, Movants have selected and retained competent and experienced counsel to represent themselves and the Class.  See Pastor Decl. at Exhibits E, F and G.

Accordingly, Movants have satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and respectfully submit that their application for appointment as lead plaintiffs and their selection of lead counsel and liaison counsel should be approved by the Court.

### 1.    The Biopure Lead Plaintiff Group Has Made A Motion For Their Appointment As Lead Plaintiffs

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, Movants have timely moved this Court to be appointed lead plaintiffs on behalf of all plaintiffs and class members covered by the Related Actions and any other actions deemed related by this Court.

### 2.    The Biopure Lead Plaintiff Group Has The Largest Financial Interest

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the court shall appoint as lead plaintiff the class member who represents the largest financial interest in the relief sought by the action.  As is demonstrated herein, Movants have the largest known financial interest in the relief sought by the Class and accordingly, are presumed to be the "most adequate plaintiff."

### 3.    The Biopure Lead Plaintiff Group Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

-7-

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. Fischler v. Amsouth Bancorporation, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997); Lax, 1997 U.S. Dist. LEXIS 11866, at *20. As detailed below, Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as lead plaintiffs.

### a.    The Biopure Lead Plaintiff Group Fulfills The Typicality Requirement

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists if claims "arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." See In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992), cert. dismissed sub nom., 506 U.S. 1088 (1993); Eisenberg v. Gagnon, 766 F.2d 770, 786 (3d Cir. 1985), cert. denied, 474 U.S. 946 (1985). However, the claims of the class representative need not be identical to the claims of the class to satisfy typicality. Instead, Courts have recognized that:

The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

-8-

De La Fuente v. Stokely-Van Camp,Inc., 713 F.2d 225, 232 (7th Cir. 1983) (citations omitted);
see also Halperin v. Nichols, Safina, Lerner & Co., No. 94 C 6960, 1996 U.S. Dist. LEXIS
16111, *13-14 (N.D. Ill. October 28, 1996).

Movants seek to represent a class of purchasers of Biopure securities which have
identical, non-competing and non-conflicting interests. Movants satisfy the typicality
requirement because, just like all other class members, they: (1) purchased or acquired Biopure
securities during the Class Period; (2) at prices allegedly artificially inflated by defendants'
materially false and misleading statements and/or omissions; and (3) suffered damages thereby.
Thus, Movants' claims are typical of those of other class members since their claims and the
claims of other class members arise out of the same course of events.[5]

## b.    The Biopure Lead Plaintiff Group
##       Fulfills The Adequacy Requirement

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the
interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy
of the Movants to: (1) whether there are any conflicts between the interests of the Movants and
the members of the Class; (2) whether the Movants are adequate representatives of the Class; (3)
whether the interests of the Movants are clearly aligned with the members of the putative Class;

---

[5]    The members of the Biopure Lead Plaintiff Group have been investing in the stock
market for a combined eighty-five years and their claims are typical of those of other class
members. Neil & Susan Fineman, a teacher and a real-estate professional, have thirty years of
experience in investing in the stock market. Michael Navilio, works in the food industry and has
been investing in the stock market for forty years by method of his own research. Much like Mr.
Navilio, Robert Powell, a retired policeman, conducts his own investment research and has been
investing in the stock market since 1995. Edward P. Collins also conducts his own stock
research and has been involved in real-estate and investing for himself for the last six years.

and (4) whether there is evidence of any antagonism between their respective interests. As

detailed above, Movants share common questions of law and fact with the members of the Class

and their claims are typical of the claims of other class members. Further, Movants already have

taken significant steps demonstrating that they have and will protect the interests of the Class:

they have executed certifications detailing their Class Period transactions and expressing their

willingness to serve as lead plaintiffs; they have moved this Court to be appointed as lead

plaintiffs in this action; and they have retained competent and experienced counsel who, as

shown below, will be able to conduct this complex litigation in a professional manner. See

generally Lax, 1997 U.S. Dist. LEXIS 11866, at *21-25. Furthermore, Movants have the largest

known financial interest so that their "financial stake in the litigation provides an adequate

incentive for the [Movants] to vigorously prosecute the action." In re Milestone Scientific, 183

F.R.D. at 416. Thus, Movants, in addition to having the largest financial interest, also prima

facie satisfy the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements of Rule 23

of the Federal Rules of Civil Procedure and therefore, satisfy all elements of the Exchange Act's

prerequisites for appointment as lead plaintiff in this action pursuant to 15 U.S.C. § 78u-

4(a)(3)(B)(iii).

## III.   THE COURT SHOULD APPROVE THE BIOPURE
## LEAD PLAINTIFF GROUP'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the lead plaintiffs shall, subject to Court

approval, select and retain counsel to represent the Class. In that regard, Movants have selected

and retained Schiffrin & Barroway, LLP and Caulcy Geller Bowman & Rudman, LLP to serve as

lead counsel for the Class and Gilman and Pastor, LLP to serve as liaison counsel for the Class.

-10-

These firms have extensive experience in prosecuting complex securities actions and are well qualified to represent the Class. See Pastor Decl. at Exhibits E, F and G.

Because there is nothing to suggest that the Movants or their counsel will not fairly and adequately represent the Class, or that the Movants are subject to unique defenses -- which is the only evidence that can rebut the presumption of adequacy under the Exchange Act -- this Court should appoint the Biopure Lead Plaintiff Group as lead plaintiffs and approve their selection of Schiffrin & Barroway, LLP and Cauley Geller Bowman & Rudman, LLP as lead counsel for the Class and Gilman and Pastor, LLP as liaison counsel for the Class.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court: (a) consolidate for all purposes the Related Actions against defendants; (b) appoint the Biopure Lead Plaintiff Group as lead plaintiffs; (c) approve Schiffrin & Barroway, LLP and Cauley Geller Bowman & Rudman, LLP as lead counsel for the Class; and (d) approve Gilman and Pastor, LLP as liaison counsel for the Class.

Dated: March 1, 2004

Respectfully submitted,

**GILMAN AND PASTOR, LLP**

By: _____

David Pastor (BBO # 391000)
Peter A. Lagorio (BBO # 567379)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906
Telephone:    (781) 231-7850
Facsimile:    (781) 231-7840

**Proposed Liaison Counsel**

**SCHIFFRIN & BARROWAY, LLP**
Andrew L. Barroway
Stuart L. Berman
Darren J. Check
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA  19004
Telephone:    (610) 667-7706
Facsimile:    (610) 667-7056

-12-

**CAULEY GELLER BOWMAN
& RUDMAN, LLP**
Samuel H. Rudman
David A. Rosenfeld
200 Broadhollow Road, Suite 406
Melville, NY 11747
Telephone:     (631) 367-7100
Facsimile:     (631) 367-1173

**Proposed Lead Counsel**

-13-